# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN MEYER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:19-cv-0413 |
| | )   **Judge Aleta A. Trauger** |
| JOHN PELLEGRIN, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM & ORDER

Before the Court is *pro se* plaintiff John Meyer's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 2.) For good cause shown, the Application is **GRANTED**, and the Clerk is **DIRECTED** to file the Complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

John Meyer has filed suit against John Pellegrin. Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of the Complaint and dismiss it, or any portion thereof, if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In reviewing a complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). A *pro se*

pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In the present Complaint, the plaintiff alleges that defendant John Pellegrin is a lawyer who practices law from an office in Gallatin, Tennessee, that the plaintiff hired Pellegrin to defend him against criminal charges against him in Sumner County, Tennessee, and that Pellegrin was negligent in his representation of the plaintiff. Specifically, the plaintiff alleges that (1) Pellegrin ignored the plaintiff's repeated requests that he subpoena the body camera video from the arresting officer, Brad Jones, which would have established that Jones lied in order to obtain the search warrant that led to felony charges against the plaintiff; (2) Pellegrin misrepresented to the plaintiff the exact nature of the plea that he agreed to, which resulted in the plaintiff's serving more time than he knowingly agreed to; and (3) Pellegrin failed to act upon the plaintiff's direct and repeated requests over the course of several months that he petition the court to approve him to serve the last four months of his sentence at halfway house to which the plaintiff had already applied and been accepted, as a result of which the plaintiff unnecessarily served the entirety of his sentence in jail.

The plaintiff also alleges that he is and has been at all relevant times a citizen of the state of Ohio, while Pellegrin is a citizen of Tennessee. The plaintiff claims damages in excess of $75,000, and he invokes this court's diversity jurisdiction.

For purposes of 28 U.S.C. § 1915(e)(2), the court finds that the Complaint, liberally construed, states a colorable claim under Tennessee law against the defendant for legal malpractice and that the court has diversity jurisdiction over the claim, based on 28 U.S.C. § 1332.

Accordingly, the Clerk is directed to **ISSUE PROCESS** and ensure service upon John Pellegrin at the address provided by the plaintiff.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. Rule 26(a)(1) of the Federal Rules of Civil Procedure, regarding required initial discovery disclosures, shall not apply. The court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

ENTER this 28th day of May 2019.

ALETA A. TRAUGER
United States District Judge