IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN MEYER                )
                               )
       v.              )       NO. 3:19-0413
                               )
JOHN PELLEGRIN       )

**TO:  Honorable Aleta A. Trauger, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 28, 2019 (Docket Entry No. 4), the Court referred this *pro se and in forma pauperis* civil action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 9) filed by Defendant John Pellegrin.  Plaintiff has filed a response in opposition to the motion.  *See* Docket Entry No. 12. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted in part and denied in part.

## I.  BACKGROUND

John Meyer ("Plaintiff") is a resident of Cincinnati, Ohio.  He filed this lawsuit *pro se* and *in forma pauperis* on May 17, 2019, asserting diversity jurisdiction under 28 U.S.C. § 1332 based upon events that occurred in Tennessee.  Plaintiff contends that John Pellegrin ("Defendant"), a Tennessee resident and Plaintiff's former criminal defense attorney, failed to properly represent him in a criminal case that had been brought against Plaintiff in Sumner County, Tennessee.  Plaintiff seeks damages in excess of $75,000.00.

The following facts are summarized from the allegations of Plaintiff's complaint (Docket Entry No. 1 at 1-5) and from documents attached to the complaint. *Id*. at 6-10. Plaintiff was arrested on March 12, 2017, and charged with misdemeanor theft after being accused of shoplifting computer software programs from a department store in Gallatin, Tennessee. He was detained at the Sumner County Jail before being released on bail the next day. While Plaintiff was detained at the jail, the vehicle he had been driving, which he asserts belongs to his brother, was impounded and towed away by the Gallatin Police Department. Plaintiff asserts that he then returned to Cincinnati with his brother and brother-in-law, apparently in another vehicle.

A search warrant for the impounded vehicle was obtained by Gallatin Police Department Investigator Gregory Washburn ("Washburn") and executed on March 14, 2017. Copies of "TurboTax" computer software programs worth approximately $10,305.31 were found in the vehicle, as well as personal identifying information for Plaintiff. Washburn then obtained an arrest warrant on March 15, 2017, charging Plaintiff with felony shoplifting. Plaintiff was arrested on May 19, 2017, and retained Defendant to represent him. Plaintiff ultimately entered into a plea negotiation and pled guilty to the misdemeanor charge. He was sentenced to 11 months and 29 days of incarceration, which he served in the Sumner County Jail.

Plaintiff alleges that part of the basis for the search warrant was an allegation by Officer Brad Jones ("Jones"), the police officer who arrested him on March 12, 2017, that Plaintiff admitted to stealing computer software from other department stores. Plaintiff denies that he made such an admission and alleges that the body camera footage from Officer Jones and the video from the department store's security room would have shown that he did not make the alleged admission. Plaintiff alleges that he repeatedly requested that Defendant obtain this video evidence but that Defendant failed to subpoena the evidence. Plaintiff contends that the search warrant could have been challenged had Defendant obtained the video evidence and that such a challenge would have been successful in excluding the items uncovered in the search. Plaintiff asserts that the exclusion

of the evidence from the vehicle search would have led to the dismissal of the felony theft charge and to a smaller ultimate sentence for him on the misdemeanor charge. *See* Complaint at ¶¶ 13-20.[1]

Plaintiff makes two other allegations of wrongdoing against Defendant. First, he alleges that Defendant incorrectly informed him during the plea negotiations that "he would be eligible for a 2 for 1 work detail and would also receive 8 days off per month good time." *Id*. at ¶ 22. Plaintiff asserts that he relied on this information in accepting the plea offer, but that he learned after being incarcerated that he was not eligible "for anything" and he served more time than he agreed to when he pled guilty. *Id*. at ¶¶ 23-25. Second, he alleges that he was accepted by a "halfway house," where he could have completed the last four months of his sentence and been able to work, but that Defendant, despite Plaintiff's repeated requests, failed to obtain a court date for the state judge to approve the placement in the halfway house. *Id*. at ¶¶ 27-34.

## II.  MOTION TO DISMISS, RESPONSE, AND REPLY

In lieu of an answer, Defendant has filed the pending motion to dismiss, seeking dismissal under Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff fails to plead facts sufficient to satisfy the elements required by Tennessee law for a legal criminal legal malpractice claim. *See* Memorandum in Support (Docket Entry No. 10). Defendant contends that Plaintiff does not allege in his complaint that he has obtained post-conviction relief on the underlying criminal charge for which he was convicted, which Defendant argues is a necessary element of a criminal legal malpractice claim. *Id*. at 4-6.

Plaintiff responds by arguing that he should not be required to show that he has obtained post-conviction relief because the relatively short sentence that he served did not allow him enough time to seek and obtain post-conviction relief prior to filing his lawsuit. *See* Response (Docket Entry No. 12) at 3. Alternatively, Plaintiff asserts that he has filed in the state court a criminal appeal from

---

[1] In addition to the instant lawsuit, Plaintiff has also sued Officers Jones and Washburn for alleged violations of his civil rights. *See Meyer v. Kimberly White, et al.*, 3:19-0414.

3

his conviction and the Court should postpone a ruling on the motion to dismiss until there is a decision on his pending appeal. *Id*. Finally, Plaintiff asserts that, in addition to his legal malpractice claim, he is suing for breach of contract based upon his allegations related to Defendant's inaction with respect to Plaintiff's desired placement in a half-way house. *Id*. at 3-4. He argues that the breach of contract claim is not subject to the requirement that he obtain post-conviction relief. *Id*.

Defendant replies that the analysis of whether Plaintiff's complaint states a claim for relief should be limited to only the allegations contained in the complaint and that "Plaintiff's opposition clouds the record with facts and unpersuasive points immaterial to the Court's analysis." *See* Reply (Docket Entry No. 14) at 1. Defendant contends that Plaintiff's complaint fails to contain allegations concerning post-conviction relief for his conviction and, thus, the complaint does not state all the elements necessary for entitlement to relief on a claim for criminal legal malpractice. *Id*. With respect to Plaintiff's assertion that he also raises a breach of contract claim, Defendant argues that (1) the gravaman of Plaintiff's complaint sounds solely in criminal malpractice and, (2) even if Plaintiff's complaint could be liberally construed to assert a claim for breach of contract, Plaintiff fails to set out allegations supporting such a claim.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must contain sufficient facts for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In its review of a Rule 12(b)(6) motion, the Court must accept as true all of the well-pleaded allegations contained in the complaint, resolve all doubts in a plaintiff's favor, and construe the complaint liberally in favor of a *pro se* plaintiff. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Although the Court is required to liberally construe *pro se* pleadings, this does not require

4

the Court to apply a more lenient application of the substantive law, *see Bennett v. Batchik*, 1991 WL 110385 at *6 (6th Cir. 1991) (citing *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983)), and a complaint filed by a *pro se* plaintiff must still plead sufficiently specific factual allegations, not just legal conclusions, in support of each claim. *See Iqbal*, 556 U.S. at 678-679. Although a court typically cannot consider "matters outside of the pleadings" when deciding a motion to dismiss, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), copies of documents attached as exhibits to a pleading are "part of the pleadings for all purposes." Rule 10(c) of the Federal Rules of Civil Procedure.

## IV. ANALYSIS

The parties agree that the substantive law of Tennessee applies to this diversity case. *See* Memorandum in Support at 10; Response at 2.

Both parties raise valid points concerning Plaintiff's criminal legal malpractice claim. As Defendant correctly points out, the Tennessee Supreme Court has clearly stated that "we hold that a plaintiff cannot prevail in a 'criminal malpractice' case against his defense lawyer unless he proves that he has obtained post-conviction relief." *Gibson v. Trant*, 58 S.W.3d 103, 117 (Tenn. 2001). Although Plaintiff argues that he should be granted an exception to the rule announced in *Gibson* because his criminal sentence was not lengthy and was served before he could seek post-conviction relief, he offers no legal support that has recognized such an exception and no compelling argument for ignoring the unequivocal rule set out in *Gibson*.

Nonetheless, although a plaintiff must show that he has successfully obtained post-conviction relief in order to succeed on a criminal malpractice claim, this element is not required to be pled in order for a plaintiff to commence a lawsuit asserting such a claim. *Burnett v. South*, 2006 WL 4497729 at *3 (Tenn.Ct.App. April 26, 2006) ("The *Gibson* opinion tells us it is not a prerequisite that a plaintiff obtain post-conviction relief prior to commencing an action for malpractice. Instead, it merely requires that the plaintiff's post-conviction relief action be resolved or abandoned prior to

5

deciding whether the malpractice action should go to trial."). Accordingly, dismissal of the action is not required, as is argued by Defendant, merely because Plaintiff's complaint does not include allegations that he has successfully obtained post-conviction relief from his conviction.

The question, thus, becomes what to do with Plaintiff's criminal legal malpractice action at this point. Plaintiff requests that "this case should be put on hold pending the outcome of any appeal." *See* Docket Entry No. 12 at 2. The decision to stay such a criminal legal malpractice claim under the circumstances presented by the instant case is left to the discretion of the Court. *Sanjines v. Ortwein & Assocs., P.C.*, 984 S.W.2d 907, 911 (Tenn. 1998). In the absence of (1) any countervailing argument from Defendant and (2) a clear and apparent basis to dismiss the instant claim as frivolous, the Court reads Tennessee law to support holding Plaintiff's criminal legal malpractice claim in abeyance pending resolution of his criminal appeal. *See Montague v. Kellum*, 2002 WL 31640568 at *6 (Tenn.Ct.App. Nov. 22, 2002) ("We believe this holding in *Gibson* requires the Trial Court await the outcome of any pending post conviction proceeding but not potential or possible post-conviction proceeding yet to be filed. On remand, this case must be stayed pending resolution of the pending federal habeas corpus proceeding. If Plaintiff obtains no exoneration in that proceeding, the present case should be dismissed."); *Blackwood v. Martin*, 2002 WL 1751238 at *3 n.3 (Tenn.Ct.App. Jan. 16, 2002) ("Appellee argues that plaintiff Blackwood's claim should be dismissed because he has not demonstrated that he has obtained post-conviction relief. *See Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001). However, if Blackwood's petition for post-conviction relief is still pending, dismissal is not appropriate until his petition is denied. *Id*. at 117.").

Accordingly, Defendant's request to dismiss Plaintiff's criminal legal malpractice claim at this time is premature and should not be granted. If Plaintiff's pending criminal appeal is ultimately denied and he fails to obtain post-conviction relief from his conviction, Defendant's request for dismissal because of Plaintiff's inability to support his claim would have merit.

To the extent, however, that Plaintiff seeks to pursue a breach of contract claim against Defendant, the Court agrees with Defendant that Plaintiff fails to allege facts that support a breach of contract claim. Initially, the Court notes that there is not an actual breach of contract claim specifically set out in the complaint and the only mention in the complaint of a contract is contained in the statement of venue in which Plaintiff asserts "Plaintiff's claims herein arise out of a contract for legal representation by the Defendant, John Pellegrin, to the Plaintiff, John Meyer, in a criminal case in the County of Sumner, State of Tennessee, and within the judicial district." *See* Complaint at 1. In his response to the motion to dismiss, Plaintiff rectifies this omission by referring to his allegations that Defendant alleged failure to obtain a court date for approval of Plaintiff's placement in a half-way house, which are set out in count 3 of the complaint, are his breach of contract claim. *See* Response at 3-4.

Plaintiff's allegations are insufficient to assert a plausible breach of contract claim under the circumstances of this case. While Plaintiff's allegations may show the existence of a contract between with Defendant pursuant to which Defendant ostensibly agreed to generally represent Plaintiff in his criminal defense in exchange for payment, Plaintiff has not shown that activities with respect to obtaining a court hearing for his halfway house placement was a specifically contracted duty that it would support a breach of contract claim if not performed. *See Jordan v. Clifford*, 2010 WL 2075871 at *4 (Tenn.Ct.App. May 25, 2010) (breach of contract claim stated when plaintiffs specifically contracted with attorney to file a lawsuit and attorney failed to file the lawsuit); *Byrd & Assoc., PLC v. Siliski*, 2007 WL 3132929 at *6 n.5 (Tenn.Ct.App. Oct. 26, 2007) (same). Allegations that Defendant failed to adequately perform any of the various duties encompassed within the general criminal defense agreement do not support an independent breach of contact claim and, as argued by Defendant, are simply theories of the criminal malpractice claim.

7

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 9) filed by Defendant John Pellegrin:

1) be GRANTED with respect to Plaintiff's breach of contact claim; and

2) be DENIED with respect to Plaintiff's criminal legal malpractice claim and that this claim be STAYED until resolution of Plaintiff's pending criminal appeal.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of the objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

8