IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN MEYER | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-0413 |
| | ) | |
| JOHN PELLEGRIN | ) | |

**To:** The Honorable Aleta A. Trauger, United States District Judge

# REPORT AND RECOMMENDATION

By Order entered May 28, 2019 (Docket Entry No. 4), the Court referred this *pro se* and *in forma pauperis* civil action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set out below, the undersigned respectfully recommends that this action be dismissed.

## I. FACTUAL BACKGROUND[1]

John Meyer ("Plaintiff") is a resident of Ohio. He was arrested in Gallatin, Tennessee on March 12, 2017, and charged with misdemeanor theft after being accused of shoplifting computer software programs from a local department store. He was later charged with felony shoplifting. Plaintiff retained John Pellegrin ("Defendant"), a Tennessee attorney, to represent

---

[1] The factual background of the case is more fully set out in the Report and Recommendation entered October 10, 2019 (Docket Entry No. 15), and need not be again recited for purposes of the instant Report and Recommendation.

him in the criminal case. Plaintiff ultimately entered into a plea negotiation whereby he pled guilty to a misdemeanor charge and the felony charge was dismissed. He was sentenced to 11 months and 29 days of incarceration, which he served in the Sumner County Jail before returning to Ohio.

On May 17, 2019, Plaintiff filed this *pro se* and *in forma pauperis* against Defendant, invoking diversity jurisdiction under 28 U.S.C. § 1332 based upon the events that occurred in Tennessee and seeking damages in excess of $75,000.00. Plaintiff contends that Defendant failed to properly represent him in the criminal case. Specifically, he alleges that Defendant failed to diligently seek and obtain video evidence that was favorable to Plaintiff, *see* Complaint at ¶¶ 13-20, incorrectly informed him during the plea negotiations that he would be eligible for a 2 for 1 work detail and would also receive 8 days off per month good time, *id*. at ¶ 22, and failed to obtain a court date so that Plaintiff could be approved for placement in a halfway house for the final four months of his sentence instead of serving those four months in the Sumner County Jail. *Id*. at ¶¶ 27-34.

## II. PROCEDURAL BACKGROUND

In lieu of an answer, Defendant filed an early motion to dismiss (Docket Entry No. 9). Defendant argued that Plaintiff failed to allege that he had obtained post-conviction relief from the underlying criminal conviction, which Defendant asserted is a necessary element of a criminal legal malpractice claim under Tennessee law, as set out by the Tennessee Supreme Court in *Gibson v. Trant*, 58 S.W.3d 103 (2001). *See* Memorandum in Support (Docket Entry No. 10) at 4-6. In response, Plaintiff asserted that he should not be required to show that he had obtained post-conviction relief because the relatively short sentence that he served did not allow

2

him enough time to seek and obtain post-conviction relief prior to filing his lawsuit. *See* Response (Docket Entry No. 12) at 3. Alternatively, he asserted that he had recently filed an action[2] in state court for relief from his conviction and that the Court should postpone a ruling on the motion to dismiss until a decision was rendered in that proceeding. *Id*. Finally, Plaintiff asserted that, in addition to his legal malpractice claim, he is suing for breach of contract based upon his allegations related to Defendant's inaction with respect to Plaintiff's desired placement in a halfway house. *Id*.

By Order entered November 5, 2019 (Docket Entry No. 16), the Court granted Defendant's motion to dismiss in part and denied the motion in part. The Court dismissed with prejudice Plaintiff's breach of contract claim but stayed his criminal legal malpractice claims until resolution of Plaintiff's pending post-conviction relief proceeding in the state court. *Id*.

The case remained stayed for approximately three years until it was administratively closed by the Court upon Plaintiff's failure to meet a court-imposed deadline to file an updated status report. *See* Order entered September 8, 2022 (Docket Entry No. 34). However, the case was closed subject to being reopened upon motion of Plaintiff after there was a final resolution in the state post-conviction relief proceeding.

Plaintiff subsequently moved to reopen the case upon the conclusion of the state post-conviction relief proceeding. *See* Docket Entry No. 38. Because Plaintiff failed to show that he had obtained relief in the state proceeding, the Court reopened the case but directed Plaintiff to show cause why the case should not be dismissed on the merits because he had failed to obtain relief from his criminal conviction. *See* Order entered February 24, 2023 (Docket Entry No. 40).

---

[2] *State v. Meyer*, 2020 WL 614784 (Tenn. Crim. App. Feb. 10, 2020).

In a brief (Docket Entry No. 41) and supplemental brief (Docket Entry No. 44), Plaintiff argues that his post-conviction relief proceeding[3] was limited to the issue of whether a forfeiture of cash was part of his plea bargain and that it did not address the allegations of legal malpractice that he is pursuing in this lawsuit. He contends that the claims that he is pursuing were moot for the purposes of post-conviction relief by the time his post-conviction relief proceeding occurred and that the facts of his case are therefore different than the type of situation addressed in *Gibson v. Trant* and other cases that follow the rule in *Gibson*. He argues that "*Gibson* is wrong and/or does not apply" to his case. He asserts that he was injured by Defendant's malpractice, that collateral estoppel does not apply to his claims, and that his claims need to be addressed in this lawsuit. Defendant responds by arguing that Plaintiff fails to show any basis upon which he should be excused from the rule set out in *Gibson* that a plaintiff pursuing a claim of criminal legal malpractice must show that he has obtained post-conviction relief on the underlying criminal conviction that is linked to the claim of legal malpractice. *See* Docket Entry Nos. 43 and 45.

### III. LEGAL STANDARDS AND ANALYSIS

This case should be dismissed. Because the lawsuit was filed in federal court on the basis of diversity jurisdiction, the Court must follow and apply the substantive law of the forum state of Tennessee. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Erie Railway Co. v. Tompkins*, 304 U.S. 64 (1938); *Jandro v. Ohio Edison Co.*, 167 F.3d 309, 313 (6th Cir. 1999). A plaintiff pursuing a claim of legal malpractice under Tennessee law must show (1) that

---

[3] *Meyer v. State*, 2022 WL 2294254 (Tenn. Crim. App. June 27, 2022), appeal denied (Jan. 12, 2023).

the accused attorney owed a duty to the plaintiff, (2) that the attorney breached that duty, (3) that the plaintiff suffered damages, (4) that the breach was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate, or legal, cause of the plaintiff's damages. *Gibson*, 58 S.W.3d at 108. In cases in which the plaintiff is a criminal defendant who is suing the lawyer who represented him in a criminal case, the Tennessee Supreme Court in *Gibson* added a sixth requirement "that a plaintiff cannot prevail in a criminal malpractice case against his defense lawyer unless he proves that he has obtained post-conviction relief." *Id*. at 117. *See also Montague v. Kellum*, 2018 WL 3090290, at *5 (Tenn. Ct. App. June 22, 2018) (following the rule in *Gibson* to dismiss criminal legal malpractice claim); *Morris v. Bloodworth*, 2011 WL 2976783, at *2 (Tenn. Ct. App. July 21, 2011) (same).

Although Plaintiff argues that the rule announced in *Gibson* should not apply to him because his criminal sentence was served before he could seek post-conviction relief on the claims he now raises, he offers no supporting authority under Tennessee law that has recognized such an exception and no compelling argument for ignoring the unequivocal rule set out in *Gibson*. In this diversity action, the Court is bound by a controlling decision of the state's highest court. *See Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 436 (6th Cir. 2016). The Court cannot ignore the clear legal rule set out in *Gibson* or find that it is "wrong," as argued by Plaintiff. Further, a federal court applying a state's substantive law in a diversity case "should be extremely cautious about adopting 'substantive innovation' in state law." *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 578 (6th Cir. 2004) (citation omitted). This Court therefore declines to carve out an exception to the clear rule that is set out in *Gibson*.

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's criminal legal malpractice claims be DISMISSED, that this case be DISMISSED WITH PREJDUICE in its entirety, and that judgment be entered in favor of Defendant John Pellegrin.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge