IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JOHN MEYER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:19-cv-00413 |
|  | ) | Judge Aleta A. Trauger |
| JOHN PELLEGRIN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM and ORDER

Before the court is plaintiff John Meyer's timely Objection (Doc. No. 47), under Federal Rule of Civil Procedure 72(b)(2), to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 47), which recommends the dismissal of the plaintiff's legal malpractice claims against the lawyer who represented him in state criminal proceedings and the dismissal of this case in its entirety, with prejudice. The defendant, John Pellegrin, has filed a Response in opposition to the Objection. (Doc. No. 49.)

Under Rule 72(b)(2), the district court must review *de novo* any portion of a report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the thorough and thoughtful R&R, the Magistrate Judge lays out the procedural and factual history of this case and concludes that the plaintiff's legal malpractice claims must be dismissed based on *Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001). In that case, the Tennessee Supreme Court adopted a bright-line rule: "[A] plaintiff cannot prevail in a criminal malpractice case against his defense lawyer unless he proves that he has obtained post-conviction relief." *Id.* at 117. The plaintiff pursued post-conviction relief in his state criminal case, and relief was denied. Accordingly, the Magistrate Judge recommends that the plaintiff's legal malpractice claims now before this court be dismissed.

The plaintiff's Objection reiterates the same arguments in response to the Magistrate Judge's Order directing the plaintiff to show cause why the Complaint should not be dismissed following the state court's final denial of post-conviction relief. The plaintiff argues, in sum, that his malpractice claims were not actually addressed in his post-conviction proceedings. (Doc. No. 41.) He asserts that "his case is different" from *Gibson* and that *Gibson* is "wrong and/or does not apply" to his case (*See* Doc. No. 44, at 1; *see also* Doc. No. 48, at 1.)

The court is not persuaded. First, as the Magistrate Judge noted, this court is bound by a controlling decision of the state's highest court. *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 436 (6th Cir. 2016). The plaintiff offers no authority to support the creation of an exception that would apply to his situation. Moreover, the plaintiff has not shown that his factual circumstances differ substantially from those of the plaintiff in *Gibson*. Although the plaintiff claims that the state post-conviction court did not address the allegations of legal malpractice that he is pursuing here, because they were effectively moot by the time he pursued his post-conviction claims, all of the plaintiff's allegations, like those in *Gibson*, "can be reduced to the charge that he suffered damage because his lawyer[] induced him to plead guilty involuntarily." *Gibson*, 58 S.W.3d at 117.

Because the post-conviction court determined that Gibson's plea was not involuntary, the Tennessee Supreme Court held that Gibson was estopped from arguing to the contrary in his legal malpractice case. Here, too, the post-conviction court determined that Meyer's plea was not involuntary as a result of ineffective assistance of counsel. *See Meyer v. State*, No. M2021-00712-CCA-R3-PC, 2022 WL 2294254, at *4 (Tenn. Crim. App. June 27, 2022) (the "failure to advise a defendant of the collateral, non-punitive consequences of his guilty plea do not render the plea invalid" (citing *Ward v. State*, 315 S.W.3d 461, 472 (Tenn. 2010)), *app. denied* (Tenn. Jan. 12, 2023). Under *Gibson*, Meyer is barred from pursuing malpractice claims against his criminal attorney.

The court finds, in short, that the plaintiff has not distinguished the facts of his case from the operative facts in *Gibson* and that, even if he had, this court is still bound by *Gibson* to deny relief. The court, therefore, **ACCEPTS** the R&R in its entirety. The plaintiff's legal malpractice claims are **DISMISSED**, and this case is **DISMISSED WITH PREJUDICE** in its entirety.

This is the final Order in this case, and the Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge